IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EUNICE ARROYO-PÉREZ,

Plaintiff

v.                                                                    CIVIL 09-2231 (JA)

DEMIR GROUP INTERNATIONAL aka
DGI GROUP; and HAYGO DEMIR, aka
HAYGO DEMIRIAN,

Defendants

## OPINION AND ORDER

This matter is before the court on the defendants' motion to transfer venue to the District Court for the Southern District of Florida, filed on February 26, 2010. (Docket No. 8.) Plaintiff filed an opposition to the defendants' motion on March 12, 2010. (Docket No. 15.) On March 19, 2010 the defendants responded to plaintiff's opposition. (Docket No. 22.) On June 21, 2010, the court entered the following order:

> As per the scheduling Order dated May 14, 2010 (Docket No. 24), the Court ordered the parties to inform, by June 4, 2010, whether they consented to a magistrate judge's jurisdiction. The Order indicated that failure to do so would be considered as an implied consent. (Docket No. 24 ¶VII E, p. 19) None of the parties have done so, so the Court will consider their silence as an implied consent to full magistrate judge jurisdiction.

CIVIL 09-2231 (JA)                              2

> Therefore, this case is referred to a magistrate judge for all further proceedings, including the entry of judgment.

(Docket No. 25.)

On June 23, 2010, the Clerk issued order randomly assigning the case to me for all further proceedings, including the entry of judgment. (Docket No. 26.)

For the reasons set forth below, the defendants' motion is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant action on December 9, 2009. (Docket No. 1.) Plaintiff alleges that her employer, defendant, Demir Group International ("DGI") terminated her without good cause and discriminated against her due to her pregnancy and gender. (Docket No. 1, at 6.) Plaintiff seeks damages for the defendants' alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as well as violations under Title VII's anti-retaliation provision, Puerto Rico's laws against discrimination and retaliation, Puerto Rico Law 80's statutory separation pay, Articles 1802 and 1803 of the Civil Code of Puerto Rico and for failure to pay full amount of salaries, bonuses, vacation pay and expenses. (Docket No. 1, at 8-12.)

CIVIL 09-2231 (JA)                              3

Plaintiff was employed by DGI[1] in August 2005.  (Docket No. 8, at 3.)  DGI is incorporated in Florida with its headquarters in Miami Beach.  (Docket No. 8, at 2.)  The defendant, Haygo Demirian, is the owner of DGI.  (Docket Nos. 8-2 and 8-3.)  According to the defendants, "DGI Florida is a sales agency representing numerous luxury jewelry and watch brands in certain markets in the Caribbean. . . . As a sales agency, DGI Florida solicits the retailer/client at their stores and takes orders from these retailers on behalf of the brands DGI represents."  (Docket No. 8, at 2.)

In August 2005, DGI initially hired plaintiff as a Territory Assistant.  In February 2007, DGI promoted her to Territory Manager.  (Docket No. 8, at 3.)  As Territory Manager, plaintiff's duties were to travel throughout the territory[2], including Puerto Rico, procuring jewelry orders from retailers.  (Docket No. 8, at

---

[1] In footnote 1 of the defendants' motion to transfer, the defendants note that plaintiff has incorrectly named Demir Group International as a defendant. The defendants assert that the entity that was served is Demir Group International, Inc. and therefore denies that proper service was made. (Docket No. 8, at 1.) The defendants assert that plaintiff was employed by Demir Group International, Inc., a Florida corporation (referred to as DGI Florida), but that Demir Group International, Inc. is also a Canadian corporation (referred to as DGI Canada). The relationship between the two entities is unclear. However, it appears that both parties agree that Demir Group International, incorporated and headquartered in Florida, employed plaintiff. Therefore, when this decision refers to the employer, DGI, it is referring to plaintiff's employer, Demir Group International, incorporated in Florida.

[2] Plaintiff's territory originally was Puerto Rico and the Dominican Republic, but her territory was expanded to include Barbados, St. Lucia, Antigua, Dominica and Trinidad.  (Docket No. 1, at 4, ¶¶ 4.2-4.3.)

CIVIL 09-2231 (JA)                              4

2-3.)  In the summer of 2007, plaintiff notified her employer that she was pregnant with her second child.  (Docket No. 1, at 5, ¶ 4.5.)  She took maternity leave from approximately May to July 2008.  (Docket No. 8, at 4.)  Plaintiff alleges that she suffered adverse action from the time she notified her employer of her pregnancy, while she was on maternity leave and upon returning to work from maternity leave.  (Docket No. 1, at 5, ¶¶ 4.6-4.12.)  Such actions included placing limits on, and then eliminating, her travel, reducing her territory, demanding she reimburse the company for statutorily mandated paid pregnancy leave, and general hostility toward her maternal responsibilities.  (Docket No. 1, at 5, ¶¶ 4.6-4.12.)

In October 2008, plaintiff was notified that she would be terminated from her job, effective November 30, 2008.  (Docket No. 1, at 6, ¶ 4.13.)  She then filed a claim with the Puerto Rico Department of Labor and the federal Equal Employment Opportunity Commission ("EEOC") alleging that she was not paid for work-related expenses, past commissions or bonuses earned and her employee did not liquidate her vacation days.  (Docket No. 1, at 6, ¶¶ 4.16-4.18.)  Her claim included allegations of pregnancy and gender discrimination and retaliation. (Docket No. 1, at 6, ¶ 4.19.)

The defendants, on the other hand, tell a different story.  DGI asserts that in 2008, much like the rest of the world, it went through a financial crisis.  (Docket

CIVIL 09-2231 (JA)                                5

No. 8, at 3.)  Due to the financial hardship, DGI reduced its workforce.  (Docket No. 8, at 3.)  The defendants allege that plaintiff was not terminated because of her pregnancy or due to her gender, but was terminated due to the financial hardships DGI was facing.  (Docket No. 8, at 3.)

Plaintiff bases jurisdiction both on diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and on federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  (Docket No. 1, at 2, ¶ 2.1.)  Plaintiff is a citizen of Puerto Rico and, according to plaintiff, the defendant DGI is a citizen of Florida, where it is incorporated and the defendant Haygo Demirian is a citizen of Canada and resides in Florida.  (Docket No. 1, at 2-3, ¶¶ 2.2-2.4.)  The defendants deny that this court is the proper venue and filed a motion to transfer the case.  (Docket No. 8.)

DISCUSSION

The defendants filed a motion to transfer requesting that the instant case be transferred from this court to the Southern District of Florida.  (Docket No. 8.) The defendants argue that a transfer of venue is appropriate because:  (1) the action could have been brought in the Southern District of Florida; (2) the Southern District of Florida is more convenient for the defendants and witnesses; (3) the relevant documents are located in Florida; and (4) it is in the interest of judicial efficiency.  (Docket No. 8.)

CIVIL 09-2231 (JA)                                6

Alternatively, plaintiff opposed the motion and asserted that the District of Puerto Rico is the proper venue. (Docket No. 15.) In support of plaintiff's assertions, she argues that (1) the events giving rise to the instant action occurred in Puerto Rico, (2) the witnesses are not all located in Florida, (3) the documents are not primarily located in Florida, and (4) the convenience and cost to the defendants to litigate in the District of Puerto Rico is less burdensome than it would be for plaintiff to litigate her case in the Southern District of Florida. (Docket No. 15.)

A.   Proper Venue Under Title VII

Title VII includes a broad venue provision that allows plaintiffs to choose a venue where the unlawful employment action is alleged to have taken place, where the employment records are maintained, or where the aggrieved person would have worked but for the alleged unlawful action. 42 U.S.C. § 2000e-5(f)(3). A plaintiff must comply with at least one of the requirements of the Title VII venue provisions for venue to be proper. For example, a former Park Ranger filed a Title VII action in the District of Puerto Rico against the Department of the Army when he was fired by the Army Corp of Engineers. See Dixon v. Brownlee, 313 F. Supp. 2d 52, 54 (D.P.R. 2004.) This court granted a motion to transfer the case to the Northern District of California because, despite the fact that plaintiff resided in the District of Puerto Rico, the plaintiff would have continued working

CIVIL 09-2231 (JA)                           7

as a Park Ranger in the Northern District of California, but for the alleged unlawful employment action.  Id.  ("Courts have recognized that Title VII's statutory scheme indicates that Congress intended to limit venue in these cases to those jurisdictions concerned with the alleged discrimination.")

      The defendants contend that the case should be transferred because "[a]ll operative facts that gave rise to [plaintiff's] cause of action occurred outside of Puerto Rico." (Docket No. 8, at 7.)  It is clear that the defendants reside in Florida and plaintiff is a resident of Puerto Rico and was employed by the defendants in Puerto Rico.  Plaintiff would have continued working in the District of Puerto Rico, but for the alleged employment discrimination.  Thus, plaintiff has met the Title VII venue provisions.  See, e.g., Passantino v. Johnson & Johnson Consumer Prod., Inc., 212 F.3d 493, 505 (9th Cir. 2000) ("[T]he statute itself and analogous case law suggest that venue should be found where the effect of the unlawful employment practice is felt:  where the plaintiff works, and the decision to engage in that practice is implemented.")

      Section 1404(a) of Title 28 allows a court to transfer an action to any other district where the case might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice . . . . " 28 U.S.C. § 1404(a).  Title VII's venue provision further provides that "[f]or purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall

CIVIL 09-2231 (JA)                            8

in all cases be considered a district in which the action might have been brought." 42 U.S.C. § 2000e-5(f)(3).  As an initial matter, "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend . . . upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960).  The case "might have been brought" in the Southern District of Florida because DGI is headquartered in Florida and Mr. Demirian resides in Florida.  (Docket No. 8, at 9.)

The plaintiff's choice of forum is generally not disturbed.  See Román Martínez v. Potter, 383 F. Supp. 2d 300, 302 (D.P.R. 2005).  A motion to transfer may be denied because the plaintiff's choice of forum is given significant weight.  Id.; see also Nowak v. Tak How Inv., 94 F.3d 708, 720 (1st Cir. 1996.)  Under section 1404(a), venue may nevertheless be transferred to a district where the case "might have been brought." See, e.g., Wine Mkts. Int'l, Inc. v. Bass, 939 F. Supp. 178, 183 (E.D.N.Y. 1996) ("where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance.")  As a threshold matter, the District of Puerto Rico is proper venue, but the case might have been brought in the Southern District of Florida, pursuant to Title VII's venue provisions.

CIVIL 09-2231 (JA)                                         9

B.   Change of Venue under 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is within the court's discretion to grant a motion to transfer venue. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); see also Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987); Rivera-Carmona v. Am. Airlines, 639 F. Supp. 2d 194, 197 (D.P.R. 2009).

The burden of proof rests with the party seeking transfer because of the strong presumption in favor of plaintiff's choice of venue. See Albizu Rodríguez, v. Carlos Albizu Univ., 585 F. Supp. 2d 240, 244 (D.P.R. 2008); see also Rivera-Carmona v. Am. Airlines, 639 F. Supp. 2d at 197. Moreover, courts have held that "a plaintiff's choice of forum is entitled to greater deference where a case arises under Title VII." Ellis v. Costco Wholesale Corp., 372 F. Supp. 2d 530, 537 (N.D. Cal. 2005) ("Where venue is governed by a more permissive standard, a plaintiff's choice is entitled to greater deference as a matter of law . . . . "); see also, e.g., Richardson v. Ala. State Bd. of Educ., 935 F.2d 1240, 1248 (11th Cir. 1991) ("Some federal courts have concluded that this broad provision for

CIVIL 09-2231 (JA)                          10

alternative forums was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances.")

Pursuant to section 1404, courts must consider the convenience of parties and witnesses and the interest of justice. A district court must balance case-specific factors in applying section 1404. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. at 29. However, "[f]ederal courts utilize different factors to decide a motion for transfer pursuant to section 1404(a). Some courts divide their factors into private and public categories, as is done in considering a motion to dismiss for forum non conveniens. Other courts, including the First Circuit Court of Appeals, do not." Albizu Rodríguez v. Carlos Albizi Univ., 585 F. Supp. 2d at 244 n.3 (citation omitted). "The First Circuit Court of Appeals has held that the following factors should be considered: (1) the convenience of the parties and witnesses, (2) the availability of documents, (3) the possibility of consolidation, and (4) the order in which the district court obtained jurisdiction." Id. at 244; see also Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).

1.   The convenience of the parties and witnesses

The first factor has two parts: (1) the convenience of the parties and (2) the convenience of the witnesses. It is the defendant's burden to show that it would be inconvenienced by the chosen venue. See Román Martinez v. Potter, 383 F. Supp. 2d at 303. (This court held that venue was proper in Puerto Rico,

CIVIL 09-2231 (JA)                               11

"[a]lthough the decision as to Plaintiff's transfer was made in Florida, it was not such a complicated process, made by so many people, that defending in Puerto Rico could be considered to pose the Postal Service great inconvenience.  On the other hand, litigating in Florida would most likely be a clear inconvenience for Plaintiff . . . . ")

Although the defendants admit that it would be more convenient for plaintiff to litigate this case in Puerto Rico, they argue that the Southern District of Florida is a more convenient venue for the defendants.  (Docket No. 8, at 11.)  The defendants assert that as a Florida company, DGI is headquartered in Florida.  However, DGI operates in Puerto Rico.  In fact, DGI operates in several Caribbean markets and Mr. Demirian, who apparently resides in Canada and Florida, frequently travels.  (Docket No. 8, at 10-11.)  On the other hand, plaintiff is a mother of two small children who would be required to hire counsel in Florida and travel to Florida to litigate her case.  It is inconvenient for her to travel to Florida and where the effect of a transfer is to shift the conveniences from one party to another, transfer is not appropriate.  See Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006.)  Furthermore, "the balance of convenience focuses on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it."  Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 71 (D. Mass. 2001.)

CIVIL 09-2231 (JA) 12

The convenience of the parties weighs in favor of the plaintiff as the defendants have not overcome the presumption favoring plaintiff.

The defendants also argue that plaintiff's choice of forum should be given less deference because "the facts of this cause of action are so far removed from Puerto Rico." (Docket No. 8, at 11.) However, it is uncontested that plaintiff lived in Puerto Rico and all her employment responsibilities occurred in Puerto Rico; her territory included Puerto Rico. The facts of this case are related to plaintiff's choice of forum; she would have continued to work in Puerto Rico but for the alleged employment action.

The second part of the first factor is the convenience of the witnesses. See Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d at 275 (quoting Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991) ("Of the factors considered by the court, the convenience of the expected witnesses is 'probably the most important factor, and the factor most frequently mentioned.'")) "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Blinzler v. Marriott Int'l, Inc., 857 F. Supp. 1, 3 (D.R.I. 1994) (quoting Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978)).

CIVIL 09-2231 (JA)                          13

The defendants contend that the witnesses involved in the facts of this case do not reside in Puerto Rico, therefore it would be more convenient for the case to be tried in the Southern District of Florida.  The defendants provide a list of eight witnesses that are located in Florida, two witnesses that are located in Toronto, one witness in California, and one witness in Colorado. (Docket No. 8, at 13-14.)  However, of the eight witnesses in Florida, at least five are current employees of DGI.  See 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851 ("[T]he convenience of witnesses who are employees of a party is given less weight by the court because that party can obtain their presence at trial.").  The remaining three witnesses, all former DGI employees, reside in Florida.  The other four witnesses live outside of Florida and would be required to travel regardless of what forum is chosen.

This factor does not weight in favor of the defendants despite their argument that it is more convenient to fly from Toronto or California to Florida than it is to fly to Puerto Rico.  Additionally, plaintiff provides a list of twelve potential witnesses who all reside in Puerto Rico and would all be required to travel to Florida. (Docket No. 15, at 6-8.)  It is clear from the witness lists that witnesses may be coming from various locations, including both Florida and Puerto Rico, therefore the convenience of witnesses does not weigh on the side of the defendants.

CIVIL 09-2231 (JA)                           14

Thus, factor one, the convenience of the parties and the witnesses, tips in favor of plaintiff.

2.     The availability of documents

The second factor is the availability of documents. However, "[s]ince most records and documents now can be transported easily or exists in miniaturized or electronic form . . . their location is entitled to little weight. This is particularly true with the development of photo-duplication, facsimile transmission, the Internet, and the easy availability, excellent reproducibility, and relatively low cost of hard and electronic copies." Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d at 276 (quoting 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3853).

The defendants contend that the majority of the documentary evidence in this case is in DGI's headquarters in Miami. The defendants do note however, that some documents will only be in Puerto Rico, such as plaintiff's medical records, but that "[e]very other document is located in either Toronto or Miami Beach." (Docket No. 8, at 17.) This evidence is not sufficient to overcome the presumption in favor of plaintiff's choice of forum. See Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d at 276. ("The fact that the majority of evidence is already in defendants' possession ensures that they can produce it at trial, and negates any need to transfer the case in order to bring the records within the subpoena

CIVIL 09-2231 (JA)                               15

power.")  The defendants have not shown that transporting the documents would be burdensome, expensive or disruptive to their business.  In fact, some of the documents are in DGI's Toronto office, not in Florida.  The second factor also does not support transferring the case to the Southern District of Florida.

    3.    The possibility of consolidation and the order in which the district court obtained jurisdiction

The third and fourth factors are based on the interests of justice.  The purpose of these factors is to prevent duplication and inconsistent rulings.  "Where identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision."  <u>Cianbro Corp. v. Curran-Lavoie, Inc.</u>, 814 F.2d at 11 (citing <u>Codex v. Milgo Elec. Corp.</u>, 553 F.2d 735, 737 (1st Cir. 1977)); <u>see also</u> <u>Coady v. Ashcraft & Gerel</u>, 223 F.3d at 11.  The third factor, the possibility of consolidation and the fourth factor, the order in which the district court obtained jurisdiction, do not weigh in favor of transferring this case to the Southern District of Florida.

The only case that the parties are involved in is a claim of civil theft filed by the defendants against plaintiff in the Florida Circuit Court of the 11th Judicial Circuit in Miami, Florida.  (Docket No. 15, at 15, n.6.)  The court is not aware of any reason why that action is related to the instant action.  Therefore, the third

CIVIL 09-2231 (JA)                            16

and fourth factors also do not support granting the motion to transfer the case to the Southern District of Florida.

## CONCLUSION

Considering the convenience of the parties and witnesses and the availability of documents, the defendant has not overcome the presumption favoring plaintiff's choice of venue.  The defendants' motion to transfer venue to the Southern District of Florida is thereby, DENIED.

At San Juan, Puerto Rico, this 13th day of August, 2010.

                                S/ JUSTO ARENAS
                       Chief United States Magistrate Judge