IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EUNICE ARROYO-PÉREZ,

Plaintiff

v.

DEMIR GROUP INTERNATIONAL aka DGI GROUP; and HAYGO DEMIR aka HAYGO DEMIRIAN,

Defendants

CIVIL 09-2231 (JA)

OPINION AND ORDER

On December 9, 2009, plaintiff Eunice Arroyo-Pérez filed a complaint alleging discrimination based on her pregnancy and gender under federal law, discrimination under commonwealth law, and retaliation under both federal and commonwealth law, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., P.R. Act No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194a(a),  and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5101 and 5102.  Aside from seeking damages pursuant to the Puerto Rico civil code tort statute, plaintiff also seeks injunctive and declaratory relief.

On March 11, 2010, co-defendant Haygo Demir aka Haygo Demirian moved to dismiss Count I and Count III of the complaint. (Docket No. 11.)  He alleges in a nutshell that there is no individual liability under Title VII, nor that there is individual liability under Puerto Rico Law 115, relying on Fantini v. Salem State

CIVIL 09-2231 (JA)                                              2

Coll., 557 F.3d 22, 28-31 (1st Cir. 2009) and Uphoff Figueroa v. Alejandro, 597 F.3d 423, 431 (1st Cir. 2010). (Docket No. 11, at 5.) On March 12, 2010, plaintiff filed an opposition to the motion to dismiss in its entirety. (Docket No. 16.) Co-defendant Demir Group International filed an answer to the complaint on March 15, 2010. (Docket No. 18.)

On May 14, 2010, the court entered a case management order part of which contained a notation that "[b]y June 4, 2010, the parties will file a motion stating whether they consent to have this case assigned to a United States Magistrate Judge for all further proceedings and entry of judgment . . . . [A]ny party's failure to comply with this order within 30 days will be considered implicit consent to try the case before that magistrate judge. See  Roell v. Withrow, 538 U.S. 580, 590 (2003)." (Docket No. 24, at 19-20.) Nothing was filed in the case until June 21, 2010. On that date, the court entered an order which reads in part, "the Court will consider [the parties'] silence as an implied consent to full magistrate judge jurisdiction." (Docket No. 25.) Two days later, the case was randomly assigned to me by the Clerk for all further proceedings. (Docket No. 26.)

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P.

CIVIL 09-2231 (JA)                              3

12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 5[4]7 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). Determining if a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), cert. granted, cause remanded, 129 S. Ct. 2430 (2009)) .

Further, "[i]n ruling upon a [Federal] Rule [of Civil Procedure] 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." Marrero-Gutiérrez v. Molina, 447 F. Supp. 2d 168, 172 (D.P.R. 2006) (citing Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S.

CIVIL 09-2231 (JA)                              4

at 555).  In a situation "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - 'that the pleader is entitled to relief.'"  Id. at 1950 (quoting Fed. Rule Civ. P. 8(a)(2)).  With this post Conley v. Gibson, 355 U.S. 41 (1957) standard in mind, I consider the two-prong assault by Haygo Demir aka Haygo Demirian.

## II.  ANALYSIS

A.   Title VII Personal Liability

Last year, the Court of Appeals for the First Circuit determined that there is no personal liability under Title VII.  Fantini v. Salem State Coll., 557 F.3d at 28-32, cited in López-Méndez v. Lexmark Int'l, Inc., 627 F. Supp. 2d 66, 69-70 (D.P.R.2009); see Uphoff Figueroa v. Alejandro, 597 F.3d at 431.  However, plaintiff argues that there should be individual liability under Title VII, that there is no definitive ruling from the United States Supreme Court on the matter, and that the better reasoning holding individual's responsible under Title VII, is exhibited by other courts within this circuit.  See Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 571-72 (D.R.I. 1996); Weeks v. State of Maine, 871 F. Supp. 515, 516-17 (D. Me. 1994), and Douglas v. Coca-Cola Bottling Co. of N. New England, Inc., 855 F. Supp. 518, 518-20 (D.N.H. 1994).

CIVIL 09-2231 (JA)                                     5

While these pre-Fantini district court cases may have the scent of common sense and solid reasoning, precedence dictates my ruling as to Count I of the complaint.  See Mercado v. Cooperativa de Seguros de Vida de P.R., ___ F. Supp. 2d ___ , 2010 WL 2989850, at * 4 (D.P.R. July 7, 2010); Ventura v. Hanichak, ___ F. Supp. 2d ___ , 2010 WL 2545602, at *3 (D. Mass. June 18, 2010). Therefore, the cause of action related to pregnancy and gender discrimination in relation to Haygo Demir aka Haygo Demirian is dismissed.  Because the matter is subject to debate among the circuits, a partial judgment will not issue in relation to the dismissal of the first cause of action.  See Díaz-Reyes v. Fuentes Ortiz, 471 F.3d 299, 301 (1st Cir. 2006).

B.     Law 115 Personal Liability

Haygo Demir aka Haygo Demirian argues that there is no individual liability for a violation of the Puerto Rico whistle blower's act under Law 115.  He relies on Maldonado v. Hosp. Alejandro Otero López, 614 F. Supp. 2d 181, 197 (D.P.R. 2009), a case adopting an opinion of the Puerto Rico Court of Appeals which concluded that Law 115 contains no provision imposing personal liability.  Vargas Santiago v. Lilliam Álvarez Moore, No. DPE-2004-0541, 2006 WL 3694659, at *5 (T.C.A. Nov. 29, 2006).  Plaintiff retorts that in Rosario v. Distribuidora Kikuet, Inc., 151 D.P.R. 634, 647 (2000), the Court held that an individual who engages in discriminatory acts is liable in his personal capacity under Laws 17, 69 and 100.

CIVIL 09-2231 (JA)                                              6

Plaintiff also cites a case from this court espousing a view opposing that of Maldonado. See Hernández v. Raytheon Serv. Co. P.R., 2006 WL 1737167 (Apr. 27, 2006) (stating that Law 115 includes personal liability of a retaliating supervisor).  Given the more liberal nature of Puerto Rico employment laws, in terms of their expansive and generous nature, clear statutory language, and because the complaint contains sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face, I adopt the reasoning of Hernández v. Raytheon Serv. Co. P.R. and deny the motion to dismiss the supplemental claim.  Cf. Otero-Merced v. Preferred Health Inc., 680 F. Supp. 2d 388, 393 (D.P.R. 2010); Cora-Reyes v. P.R. Aqueduct & Sewer Auth., slip op. 2010 WL 2670872, at *7-8 (D.P.R. July 1, 2010); Rodríguez v. Andamios de P.R., Inc., slip op. 2009 WL 1361957, at *10 (D.P.R. May 8, 2009).  Therefore, the motion to dismiss the third cause of action based on individual liability under Law 115 is denied.  Haygo Demir aka Haygo Demirian is directed to answer the complaint.

### III.  CONCLUSION

The motion to dismiss the first cause of action is granted.  The motion to dismiss the third cause of action is denied.

In San Juan, Puerto Rico, this  day 16th day of August, 2009.

                                                    S/ JUSTO ARENAS
                                             Chief United States Magistrate Judge