IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EUNICE ARROYO-PERÉZ,

Plaintiff

v.

DEMIR GROUP INTERNATIONAL aka
DGI GROUP; HAYGO DEMIR aka
HAYGO DEMIRIAN,

Defendants

Civil No. 09-2231 (MAG. JUDGE JA)

OPINION AND ORDER

    The parties in this Title VII case accuse each other of having committed perjury in their respective depositions.  The plaintiff, Eunice Arroyo-Pérez, accuses the defendant Haygo Demir of committing perjury in his affidavit as well as his deposition of September 21, 2010.  (Docket No. 57.)  Allegedly, Demir gave knowingly false statements regarding material facts.  (Docket No. 57.)  The defendant accuses Arroyo of committing perjury in her September 21, 2010 deposition.  (Docket No. 65, at 11.)  Arroyo allegedly gave knowingly false statements in her deposition.  (Id.)  Both parties make an unspecific request for sanctions.  Because questions of a parties' subjective intent to mislead a court is a question best left to a jury, both motions are DENIED.

CIVIL 09-2231 (JA)                                        2

     The two main federal statutes governing perjury are 18 U.S.C. § 1621 and 18 U.S.C. § 1623.  Section 1621[1] considers perjury generally, while section 1623 concerns false declarations in front of a grand jury or court.[2]  The elements of perjury under 18 U.S.C. § 1621 are:  (1) false testimony under oath; (2) concerning a material matter; (3) with the willful intent to provide false testimony.  United States v. Dunnigan, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)).  The elements under 18 U.S.C. § 1623(a) are:  (1) knowingly making; (2) false, and; (3) material declarations; (4) under oath; (5) in a proceeding before or ancillary to any court of the United States.  18 U.S.C. § 1623(a).

---

[1]    Whoever---having taken an oath before a competent tribunal, officer, or person . . . that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true[.]"

18 U.S.C. § 1621(1).

[2]    Whoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration . . . ."

18 U.S.C. § 1623(a).

CIVIL 09-2231 (JA)                                3

This circuit, <u>citing</u> <u>Bronston v. United States</u>, 409 U.S. 352 (1973), has acknowledged the interrelatedness of the two statutes.  <u>See</u> <u>United States v. Reverón Martínez</u>, 836 F.2d 684, 689 (1st Cir. 1988) (noting that "a prosecution under 18 U.S.C. § 1621 . . . has equal applicability in terms of 18 U.S.C. § 1623."), <u>cited in</u> <u>United States v. Richardson</u>, 421 F.3d 17, 32, n.16 (1st Cir. 2005).

"Perjury consists of false testimony under oath concerning a matter material to the proceeding, as long as the testimony is given 'with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" <u>United States v. Shinderman</u>, 515 F.3d 5, 19 (1st Cir. 2008) (quoting <u>United States v. Dunnigan</u>, 507 U.S. 87, 94 (1993)).  "At a bare minimum, the remark must have been literally false." <u>United States v. Reverón Martínez</u>, 836 F.2d at 689 (citing <u>United States v. Moreno Morales</u>, 815 F.2d 725,  744 (1st Cir. 1987)).

Perjury also has a scienter requirement.  "To constitute perjury, the defendant must have believed when he delivered his testimony that it was apocryphal." <u>United States v. Reverón Martínez</u>, 836 F.2d at 689.  Both perjury statutes require a declaration on a "material" matter.  18 U.S.C. § 1621(1); 18 U.S.C. § 1623(a).  A statement is material if it has "a natural tendency to

CIVIL 09-2231 (JA)                    4

influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." United States v. Gaudin, 515 U.S. 506, 509 (1995) (quoting Kungys v. United States, 485 U.S. 759, 770 (1988));  United States v. McKenna, 327 F.3d 830, 839 (9th Cir. 2003) (quoting United States v. León-Reyes, 177 F.3d 815, 820 (9th Cir. 1999)).  Further, materiality is determined "at the time the alleged false statement was made[.]" United States v. McKenna, 327 F.3d at 839 (citing United States v. Lococo, 450 F.2d 1196, 1199 n.3 (9th Cir. 1971)).

       Both the plaintiff in her motion and the defendants in their cross-motion for sanctions accuse each other of committing perjury in their respective depositions. (Docket No. 57, at 2-3, ¶ 5-6; Docket No. 65, at 11, ¶ V.)  The plaintiff accuses Demir of making false statements about the allegedly material facts of Arroyo's trips to Florida (Docket No. 57 at 2, ¶ 4), the size of his company (id. at 4, ¶ 9), his ownership of DGI Florida (id. at 5, ¶ 11), the number of territory managers in his companies (id. ¶ 13), and the considerable hardship the company faced at the time of the plaintiff's termination (id.).  The defendant accuses Arroyo of making knowingly false statements regarding her assistant territory manager, notifying clients when canceling planned meetings, and various information regarding Chantel Romeu.  (Docket No. 65, at 11-12.)  Perjury may be assigned on false

CIVIL 09-2231 (JA)                    5

statements in a deposition, if made with the intent that it will be uttered or published as true.  The plaintiff also claims that Haygo Demir committed perjury in his affidavits.  (Docket No. 57, at 2-5, ¶ 4-11.)  False statements in an affidavit are held to the same standard as other forms of perjury.  Lachance v. Erickson, 522 U.S. 262, 266-67 (1998).

When considering a witness' alleged perjury, his state of mind is dispositive. Neither of the parties can be convicted of perjury if they do not have the requisite *mens rea*.  And in judging the subjective intent of the parties, the jury is the best trier of fact.  Bronston v. United States, 409 U.S. at 359 (holding that "the state of mind of the witness is relevant only to the extent that it bears on whether 'he does not believe (his answer) to be true.'"); United States v. Richardson, 421 F.3d at 32 (quoting United States v. Reverón Martínez, 836 F.2d at 689) ("[t]he determination as to the defendant's state of mind-[her] belief in the untruthfulness of [her] statement-is one which a jury is best equipped to perform.").

Perjury is a criminal charge.  And even if perjury could be assumed *arguendo*, it is well established that perjury does not give rise to civil liability. Droppleman v. Horsley, 372 F.2d 249, 250 (10th Cir. 1967); Liddell v. Smith, 345 F.2d 491, 494 (7th Cir. 1965).

CIVIL 09-2231 (JA)                                6

    In view of the above, plaintiff's motion for unspecified sanctions (Docket No. 57) and defendants' cross-motion for unspecified sanctions (Docket No. 65), are DENIED.

    SO ORDERED.

    At San Juan, Puerto Rico, this 10th day of January, 2011.

                                        S/ JUSTO ARENAS
                              Chief United States Magistrate Judge