IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EUNICE ARROYO-PÉREZ,

Plaintiff

v.                                                                          CIVIL 09-2231 (JA)

DEMIR GROUP INTERNATIONAL aka DGI GROUP; and HAYGO DEMIR aka HAYGO DEMIRIAN,

Defendants

## OPINION AND ORDER

This matter is before me on "Defendants' Urgent Request to Continue Trial" filed on February 9, 2011. (Docket No. 96.) The case is now scheduled for trial for March 7, 2011. That scheduling was made on August 20, 2010. (Docket No. 36.)

### RECENT PROCEDURAL BACKGROUND

Shortly after the trial was scheduled, plaintiff moved to strike fourteen of the defendants' affirmative defenses to enter partial judgment on those defenses. (Docket No. 38.) The defendants responded to the motion on September 2, 2010. (Docket No. 40.) The motion to strike was rendered moot by the filing of an amended answer to the complaint. Plaintiff moved for partial summary judgment on four affirmative defenses on October 23, 2010. (Docket No. 46.) The defendants filed a response to the motion for partial summary judgment and in

CIVIL 09-2231 (JA)                             2

turn moved for partial summary judgment on November 22, 2010. (Docket No. 66.) Plaintiff responded in opposition to the defendants' motion for partial summary judgment on December 9, 2010. (Docket No. 70.) Then on December 29, 2010, the defendants moved for summary judgment. (Docket No. 76.) On January 10, 2011, I issued an opinion and order (Docket No. 78) granting plaintiff's motion for summary judgment (Docket No. 46) and denying the defendants' motion for summary judgment on two defenses. (Docket No. 66.)

The defendants moved for reconsideration of the January 10, 2011 opinion and order on January 18, 2011. (Docket No. 82.) Plaintiff responded in opposition to the motion for reconsideration on January 21, 2011. (Docket No. 91.) Plaintiff responded in opposition to the motion for summary judgment on January 19, 2011. (Docket No. 83.) Also on that date the defendants filed a counterclaim against plaintiff. (Docket No. 88.) Plaintiff moved to strike the counterclaim and/or moved to dismiss the counterclaim on January 20, 2011. (Docket No. 90.) The defendants then responded to the motion to dismiss the counterclaim on February 4, 2011. (Docket No. 95.) Then, on February 9, 2011, the defendants moved to continue the trial date. (Docket No. 96.) Plaintiff opposed the motion for continuance on February 14, 2011. (Docket No. 99.) On February 15, 2011, the defendants moved for leave to file a reply. (Docket No. 100.) That motion is granted. A supplemental motion to the urgent request to

CIVIL 09-2231 (JA)                                              3

continue trial was filed on the same date.  (Docket No. 101.)  Plaintiff filed a response to this motion on the following day.  (Docket No. 102.)

  The defendants seek continuance of the trial in their 10-page motion for a myriad of reasons, especially newly discovered allegations that necessitate the taking of additional depositions in foreign countries, specifically St. Maarten and St. Thomas.  One deposition, that of Ilianny Mera, cannot be completed until February 21, 2011.  A motion to compel documents remains pending, and additional depositions must still be taken, including that of plaintiff and her husband.  There is a motion for summary judgment pending, as well as a motion to dismiss counterclaim.  Most importantly, the defendants seek a level playing field at trial and must take depositions to counter Ms. Mera's testimony.  Notwithstanding the case having been aggressively litigated, see, e.g., Arroyo-Pérez v. Demir Grp. Int'l, 733 F. Supp. 2d 322 (D.P.R. 2010), and Arroyo-Pérez v. Demir Grp. Int'l, 733 F. Supp. 2d 314 (D.P.R. 2010), and the optimism at the scheduling conference held in August, 2010 that the trial date of March could be accomplished, the defendants stress that in hindsight, six and one-half months was not enough to prepare for trial.  I am reminded that the court should evaluate each case on its own facts in determining whether a continuation of trial is necessary.  United States v. Rodríguez-Durán, 507 F.3d 749, 763 (1st Cir. 2007), (citing United States v. Saccoccia, 58 F.3d 754, 770 (1st Cir. 1995)).

CIVIL 09-2231 (JA) 4

Plaintiff has filed a 14-page opposition arguing that the defendants provide no legitimate basis for the motion for continuance.  Plaintiff calls the motion an act of desperation in the face of overwhelming evidence in support of plaintiff's claim.  Plaintiff also argues that the motion is a ploy to have the case assigned to a different trial judge (since I am retiring on April 10, 2011), representing the worse form of judge-shopping, since a new judge would have to fit the case into another trial calendar.  Plaintiff feels that the case was disproportionately litigated by the defendants, forcing plaintiff's counsel to invest more than 500 hours in the case.  Stopping the case in its tracks would arguably cause an injustice.  Plaintiff recites the details of issues or non-issues with expected witnesses.  Plaintiff stresses the incredible hardship sending this case to another judge would entail.

The defendants supplement the motion to continue based upon a recently discovered medical condition that requires surgery on the part of lead counsel.  The condition severely restricts his breathing and causes other problems.  The first available date for surgery on the surgeon's calendar is March 4, 2011, and counsel would not be allowed to fly for ten days thence.  (Docket No. 101.)  Plaintiff opposes the continuance under these added circumstances, suggesting a number of alternatives which I will not repeat.

The (first) motion to continue the trial date is granted.  (Docket No. 96.)

> Trial courts enjoy broad discretion when evaluating a motion for continuance."  United States v. De Castro-

CIVIL 09-2231 (JA)                                    5

<u>Font</u>, 583 F. Supp. 2d 243, 244 (D.P.R. 2008) (citing <u>Morris v. Slappy</u>, 461 U.S. 1, 11 (1983); <u>Macaulay v. Anas</u>, 321 F.3d 45, 49 (1st Cir. 2003)); <u>Ramos-Borges v. Puerto Rico</u>, 2010 WL 2044543, at *1 (D.P.R. May 20, 2010).

<u>Moreno-Pérez v. Toledo-Dávila</u>, --- F. Supp. 2d ----, 2011 WL 503445, at *2 (D.P.R. Feb. 14, 2011.)

This case is the most recently filed of the cases I currently have scheduled for trial and all cases have pending motions for summary judgment except for the case which proceeded to trial on February 15, 2011 and is expected to go beyond February 25, 2011.  One case, filed in 2007, is awaiting a trial date on short notice and also has a motion for summary judgment pending.  Another case was filed in 2008.  It has always been my policy to resolve motions for summary judgment before trial rather than to convert them to Rule 50(a) motions during trial.  I will rule on all pending motions in this case.  Telephone calls to chambers are not favored.  Motions that are not consented to will always have 14 days for opposite parties to respond.

SO ORDERED.

At San Juan, Puerto Rico, this 17th day of February, 2011.

                                        S/ JUSTO ARENAS
                                  Chief United States Magistrate Judge