IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EUNICE ARROYO-PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>DEMIR GROUP INTERNATIONAL,<br>aka DGI GROUP; HAYGO DEMIR,<br>aka HAYGO DEMIRIAN,<br><br>Defendants. | CIVIL NO. 09-2231 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Defendants Demir Group International and Haygo Demir (hereafter "defendants Demir") are subject to a complaint filed by above plaintiff Eunice Arroyo-Pérez (hereafter "plaintiff Arroyo") for alleged violations because of employment discrimination on account of her pregnancy.

On December 29, 2010, defendants filed a Motion for Summary Judgment in which they submit there were valid business employment reasons for the adverse employment action taken against plaintiff Arroyo. (Docket No. 76). On January 19, 2011, plaintiff Arroyo filed the Response in Opposition in which she avers the reasons proffered by defendants were pretextual and, together with the evidence available, have raised genuine material disputed facts in controversy which prevent the granting of summary judgment. (Docket No. 83).[1] We shall briefly discuss.

---

[1] The case was recently reassigned to this Magistrate Judge upon the retirement of the judicial officer in charge of the case. (Docket Nos. 110 and 111).

Eunice Arroyo-Pérez v. Demir Group International, et al
Civil No. 09-2231 (CVR)
Opinion and Order
Page No. 2

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174 (1st Cir. 1997). Fed.R.Civ.P. 56(c).[2]

Pursuant to the language of the applicable rule, as amended in 2010, the party bears the two-fold burden of showing first, that there is "no genuinely disputed." The party may also show that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact." The standards for granting summary judgment remains unchanged under the 2010 amendments. *See* Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d at 178.

After the moving party has satisfied this burden, the onus shifts to the resisting party to then show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed

---

[2] On April 28, 2010, the Supreme Court of the United States approved amendments to Federal Rule of Civil Procedure 56, effective December 1, 2010. The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases. *See* Ophthalmic Surgeons, Ltd. v. Paychecx, Inc., 632 F.3d 31 (1st Cir. 2011).

"material" if it potentially could affect the outcome of the suit. *Id.* Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id.*

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

In summary judgment a court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits. 10 A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Prac. & Proc. Civ.* §2722 at 382 (3d ed. 1998).

**LEGAL DISCUSSION**

Ruling on a motion for summary judgment, the court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. Bienkowski v. Northeastern University, 285 F.3d 138 (1st Cir. 2002).

Eunice Arroyo-Pérez v. Demir Group International, et al
Civil No. 09-2231 (CVR)
Opinion and Order
Page No. 4

Plaintiff Arroyo has submitted in the complaint that she was subject of sex, gender, employment discrimination on account of her pregnancy. The burden of establishing a *prima facie* case is not onerous. Plaintiff has the burden of proving that the defendant discriminated against her for a proscribed reason. In doing so, the plaintiff does not have to present direct proof of discriminatory motive in order to prevail. Rossy v. Roche Products, Inc., 880 F.2d 621, 624 (1st Cir. 1989). Absent direct evidence, a plaintiff will usually proceed in terms of the burden-shifting framework formulated by the Supreme Court. *See* Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-56, 101 S.Ct. 1089, 1094-96 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973). *See also* Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148 (1st Cir. 1990).

In order for plaintiff to prevail in an employment discrimination claim in general, it must first established a *prima facie* case by a preponderance of the evidence. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981). Insofar as the *prima facie* case of discrimination to prove that a particular adverse employment action taken with respect to her amounted to discrimination because of pregnancy, plaintiff would have to show that (1) she was pregnant at the relevant time, (2) her job performance was satisfactory, but (3) her employer took some adverse employment action against her while (4) treating non-pregnant employees differently. Smith v. F.W. Morse & Co., 76 F.3d 413 (1st Cir. 1996). *See* Gorski v. New Hampshire Dept. of Corrections, 290 F.3d 466 (1st Cir. 2002); *see also* Johnson v. Allyn & Bacon, Inc., 731 F.2d 64, 70 (1st Cir. 1984); Loeb v. Textron, Inc., 600 F.2d 1003, 1014 (1st Cir. 1979).

Eunice Arroyo-Pérez v. Demir Group International, et al
Civil No. 09-2231 (CVR)
Opinion and Order
Page No. 5

Taking the above standard into account, we summarize the relevant uncontested facts raised by both parties.

Defendants Demir have submitted in their Statement of Uncontested Material Facts (Docket No. 76-3) the following relevant issues:

1) On August 1, 2005, Arroyo was hired as Territory Assistant for Puerto Rico, St. Thomas, St. Maarten, St. Barths, St. John, St. Croix and Tortola. She was an assistant to Ilianny Mera, the Territory Manager (Defts' Uncontested ¶¶10, 12; Exhibit 4, Demir's affidavit; Exhibit 7, Answer to Interrogatory).

2) At the time Arroyo was hired, she had a three month old child. (Defts' Uncontested ¶13; Exhibit 8, Arroyo's depo.).

3) On February 2007, Demir promoted Arroyo to Territory Manager, position she held for twenty months until termination from employment in October 2008. (Defts' Uncontested ¶14; Exhibit 4).

4) Arroyo was responsible for $987,753 in sales during nearly two years she was Territory Manager. (Defts' Uncontested ¶23; Exhibit 5).

5) Demir terminated employees throughout 2008 and early 2009, including terminations or resignations within months of Arroyo's termination in October 2008. (Defts' Uncontested ¶64; Exhibit 25).

6) Approximately three months after Arroyo returned from maternity leave, she was notified about her employment termination effective November 30, 2008. (Defts' Uncontested ¶81; Arroyo's depo. p. 196).

Plaintiff Arroyo's opposition and statement of undisputed/disputed facts in controversy deal mostly with those averments submitted by defendants as reasons to terminate Arroyo's employment and as to dispute of facts regarding Demir's financial situation.

Plaintiff Arroyo's submitted that her productivity and management problems with lack of communication are disputed not only because contemporaneous evidence shows to the contrary, that Demir was satisfied with Arroyo's services, but because prior to litigation no evidence was available to substantiate the new claims against Arroyo. To dispute these defendants' averments, and show how the maternity and gender discrimination are shown to affect employment decision, plaintiff submits:

1) Arroyo received, prior to her termination, salary increases and promotions, including bonuses. (Plaintiff's Statement ¶1.1 through 1.4; Exhibit 1, Arroyo's depo., Exhibit 2, Answer to Interrogatory; Exhibit 3, Demir's Answer to Interrogatory; Exhibit 4, Brian Taylor's Certificate, Human Resources Demir-Canada).

2) Plaintiff Arroyo received the second highest bonus of all five Territory Managers entitled to bonuses. (Plaintiff's Uncontested ¶1.5; Exhibit 5, List of Bonuses; Exhibit 6, Krystal Williams' depo.; Exhibit 7, Demir's depo.; Exhibit 8, Rachel Doherty's deposition).

3) During Arroyo's maternity leave, she was informed by defendant Haygo Demir her territory was being reduced and a prior Territory Assistant, Ms. Chantel Romeu was promoted to Territory Manager with responsibility over

islands formerly part of plaintiff's territory. (Plaintiff's Uncontested ¶1.9; Exhibit 13, Arroyo's Answer to Interrogatory).

4) By August 2008, shortly a month after plaintiff Arroyo's return from maternity leave, Demir made the decision to terminate her. (Plaintiff's Uncontested ¶1.10; Exhibit 7).

5) Plaintiff Arroyo was told the decision to terminate her from employment was because of "downsizing." (Id. ¶1.11).

6) Ms. Blanca Rodríguez, member of Demir's management, sent an e-mail to the President of Demir and the Vice-President of Finance and Operations explaining she had used "downsizing" as the excuse for plaintiff Arroyo's dismissal. The e-mail was sent on Saturday, October 11, 2008, while plaintiff Arroyo was dismissed on Friday, October 10, 2008, and it refers to using downsizing in light of the fact Arroyo had just returned from pregnancy leave and may or may not know her rights under applicable law. The e-mail further indicated that, to cover themselves legally, no one should be hired to replace plaintiff Arroyo although within ranks promotion could be effected. (Plaintiff's Undisputed ¶¶1.11-11.12; Exhibit 14).

7) At the time of plaintiff Arroyo's discharge from the company, there was a need for another Territory Manager since, by November 2008, Ms. Sabrina Badeau, former Territory Assistant, was promoted to the position of Territory Manager. (Plaintiff's Uncontested ¶1.14; Exhibit 3, Demir's Answer to Interrogatories).

Insofar as the reasons proffered now by defendants for termination, the e-mail of Ms. Rodríguez[3] is being used by plaintiff to substantiate its opposition to summary judgment by raising disputed genuine issues of fact as to the pretextual reason for termination provided by defendants. Plaintiff submits said e-mail should be considered as the unusual smoking gun of the real reasons for plaintiff Arroyo's employment termination due to discrimination.

The e-mail is substantial in affording plaintiff Arroyo an issue of disputed fact which, by itself, defeats the summary judgment requested by defendants insofar as the reasons proffered of business economic conditions and the employee's problems of lack of communication and productivity. The email in question reads as follows:

> I spoke to Eunice [plaintiff Arroyo] I gave her the Bad news... I told her was because of "downsizing" and that her last day will be on Nov 30th. In PR, the Labor Laws are more strict than in some states from US. For example her Job and salary can't be touch for a year after a pregnant employee [sic] come back to work. I don't know if she knows this but that is the reason I used downsizing. We can't hired [sic] any new employee for the time being to replace her to avoid any legal issues but we cant [sic] pass the job to a new employee but we can to a current employee and myself.
> So to keep everything clear and cover us legally:
> ....
> I already spoke to Ilianny and told her briefly about the situation and that starting Dec 1st the territory of P.R. Will be hers and I will keep working hand to hand with her.
>
> Dominican Republic, will be Chantel's and I will be helping her too.
> So, I guess u will be able to announce it on the sales meeting, even that Eunice have no idea that we have it. ... (Docket No. 83-8, Exhibit 14).

---

[3] Ms. Blanca Rodríguez, who informed plaintiff Arroyo as to her termination and presented as grounds the Demir company was downsizing, is part of the management team as a Vice-President, a Territory Manager and Office Manager of the Miami Office. (Plaintiff's Undisputed ¶ B, p. 6).

Moreover, insofar as defendants' proposed reasons to terminate employees, including plaintiff Arroyo because of financial and economic problems, as well as recent proposed reasons regarding Arroyo's alleged lack of productivity, communication and performance in the position as Territory Manager, plaintiff submits shortly before and after termination the Demir defendants still had need of the position occupied by plaintiff Arroyo. To this effect, plaintiff proposes the following:

8) There were two Territory Managers with less seniority than plaintiff Arroyo who were not discharged. (Plaintiff's Undisputed ¶¶3.7-3.8; Exhibit 3, Demir's Interrogatory Answer; Exhibit 7, Demir's depo. p. 55).

9) Ms. Chantel Romeu became a Territory Manager during Arroyo's maternity leave and Ms. Sabrina Badeau became Territory Manager upon plaintiff's employment discharge. (Plaintiff's Undisputed ¶3.9; Exhibit 3).

10) Mr. Demir had formerly alleged at all times the reason to terminate plaintiff Arroyo was because of a financial decision without any reflection of the work she was doing. (Plaintiff's Undisputed ¶¶5.3-5.6, 5.9; Exhibits 25, 26, 27, 4; Exhibit 2, Answer to Interrogatories).

11) The first mention of the now claimed deficiencies about plaintiff Arroyo's work and/or performance was filed in defendants' Joint Answer of August 30, 2010, which referred to the alleged poor performance as an affirmative defense. (Plaintiff's Undisputed ¶¶5.12-5.13).

12) Plaintiff Arroyo was never informed about the employer's opinion as to her performance or lack of communication with supervisors nor received any

notice or warning she was not doing a good job. (Plaintiff's Undisputed ¶¶5.14-5.15, 5.19; Exhibit 6, Krystal Williams' depo).

13) At the time now alleged by Ms. Williams that plaintiff Arroyo was a bad employee, Arroyo was then approved for an increase in salary. (Plaintiff's Undisputed ¶5.17, ¶1.14).

14) In contradiction to defendants' recent claim of Arroyo's work deficiencies, on December 2, 2007, Mr. Demir wrote to Ilianny Mera and plaintiff Arroyo that: "You both are great contributors to this company and are loved by all that work with you". (Plaintiff's Undisputed ¶5.20 (a); Exhibit 28).

15) In further contradiction, nine months before plaintiff Arroyo was terminated, Mr. Demir stated in a "State of the Union" distributed on January 1, 2008, that "Eunice" [plaintiff Arroyo] had "become [a] very valuable performer and [is] starting to become [a] veteran in our organization". (Plaintiff's Undisputed ¶5.20 (b); Exhibit 29).

16) On March 10, 2008, seven months before plaintiff Arroyo was terminated, Mr. Demir sent an e-mail to plaintiff which stated: "Eunice …. I have to say, our Puerto Rican position looks very strong despite the economic troubles that have plagued the island. Really nice job …". (Plaintiff's Undisputed ¶5.20(c); Exhibit 30).

Regarding Demir company's financial hurdle as the economic reasons to reduce personnel or engage in downsizing, plaintiff's opposition has likewise raised disputed issues of fact. This Magistrate Judge considers there is no need these be discussed in great detail.

For the most part downsizing was particularly addressed as being used as pretext for the employment termination and was so recognized by defendants' management in the e-mail of Ms. Blanco Rodríguez. In addition, plaintiff submits figures presented by defendants to establish Demir's financial condition were newly created for the purposes of litigation. Furthermore, these figures appear inaccurate in light of other financial documents showing various Demir corporations freely moving income and expenses from one to the other, in reference to Demir's Florida and Canada entities. Monies that appear as loan to one corporation appear as assets in another Demir corporation for income tax purposes, and thus, the issue of profits or not is questionable. Expenses of one Demir corporation during the alleged downsizing were also put in question by plaintiff's disputed statement of material fact, including the extent of travel allowed and other unexplainable deductions authorized by the Demir corporation. (Plaintiff's Disputed ¶¶8-21-8.28).

Summarily, plaintiff Arroyo has presented with its opposition contested genuine issues of fact regarding the alleged income and expenses of defendants Demir corporations and questioning the veracity of the figures now offered by defendants as support for the allegation of need to downsize.

A perusal of above issues of facts regarding Arroyo's alleged work deficiencies, work performance problems, as well as the corporations claimed financial conditions raised by defendants, suffices to determine plaintiff has raised genuine disputed issues of fact which do not warrant summary disposition.[4]

---

[4] As caveat for this disposition, notice should be taken that when summary judgment is denied upon pretrial record being sufficient to show genuine issues of fact for trial, no collateral appeal is proper. Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151 (1995) ; Acevedo-García v. Vera-Monroig, 204 F.3d 1, 7 (1st Cir. 2000).

Eunice Arroyo-Pérez v. Demir Group International, et al
Civil No. 09-2231 (CVR)
Opinion and Order
Page No. 12

Plaintiff Arroyo also submitted, upon her upcoming maternity leave, she was questioned by defendant Demir. Demir made demands upon her pregnancy, showed no sympathy for her pregnancy-related illness, demanded repayment of her salary during her maternity leave by giving it to a new Territory Manager who had covered plaintiff during pregnancy leave, pressured her to take six months without pay, reduced her territory as soon as she returned from maternity leave and decided to terminate her employment, even though having the need for a Territory Manager and, shortly thereafter, appointing an employee with less seniority to plaintiff's position. Actions which may be considered kind of stereotyping because of pregnancy or maternity still amount to gender discrimination. However, these are not the only issues on dispute and more genuine material facts are in controversy in the instant case.

It has been presented plaintiff Arroyo had just returned from her maternity leave at the time defendants took the decision to terminate her employment. The reasons proffered then by defendants to terminate plaintiff were because of the company's downsizing. Defendants have most recently also submitted in summary judgment having valid employment/business reasons to terminate plaintiff.

On the other hand, plaintiff Arroyo has submitted evidence to dispute the business reasons alleged by defendants.[5] Defendants' proffered reason for the employment termination are disputed by plaintiff's opposition to summary judgment and the evidence referred therein. As such, proof that defendants' explanation is unworthy of credence is one

---

[5] Defendants have also briefly alleged plaintiff Arroyo lacks a *prima facie* case of discrimination for at the time she was first employed it was known that she already had a child. Also, upon conclusion of her maternity leave because of the birth of her second child, plaintiff was terminated for valid business reasons.

form of circumstantial evidence that is probative of intention employment discrimination. Williams v. Raytheon Co., 220 F.3d 16 (1st Cir. 2000).

Direct evidence of discrimination is what is often referred to as equivalent to 'smoking gun'. Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95-96 (1st Cir. 1996); Smith v. F.W. Morse & Co., 76 F.3d at 421. Plaintiff has submitted as part of its evidence defendants' e-mail by one of their own management team member referring to downsizing as the reason given for plaintiff Arroyo's termination which places into question the real reason for the adverse employment action. Together with the relative short time span between plaintiff Arroyo's return from maternity leave and her termination, the questionable business reasons given for the adverse employment action and the disputed facts as to the reasons now proffered by defendants as supporting its business/financial reasons, together with a *prima facie* case, have clearly established that summary disposition requested by defendants is not warranted. Plaintiff has disputed the alleged and seemly neutral downsizing grounds for employment termination not only with the e-mail of Ms. Rodríguez to the team management clearly stating having used downsizing as the reason although otherwise considering the legal ramification of plaintiff's maternity rights and the employer's avoidance of liability, but also by showing there was a need for the position occupied by plaintiff Arroyo and having promoted another employee to cover same. In addition, the reasons of productivity and management skills being placed at issue as a defense for the employment decision are not supported by the contemporaneous evidence recognizing plaintiff's well done job and granting of promotions and bonuses, at least sufficiently to create issues of credibility which are proper for a jury to decide.

Where the elements of a sufficient *prima facie* case combine with the factfinder's belief that the ostensible basis for dismissing the employee was pretextual, particularly if ... accompanied by a suspicion of mendacity, the factfinder is *permitted* to infer the intentional age-based discrimination required to even enable the plaintiff-employee to prevail on the merits. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 2749 (1993) ("The *factfinder's* disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the *prima facie* case, suffice to show intentional discrimination."). *See* Woods v. Friction Materials, Inc., 30 F.3d 255, 260 n. 3 (1st Cir. 1994).

A material fact is one that might affect the outcome of the suit under the governing law. Lockridge v. The University of Maine System, 597 F.3d 464 (1st Cir. 2010). Plaintiff has submitted numerous material facts in dispute, not all of which are herein included nor considered necessary to reach the same conclusion,[6] from which a reasonable fact finder could resolve the dispute in favor of either party upon an assessment of credibility.[7]

In sum, the disputed issues of material fact raise credibility issues that would require a fact finder to determine. As such, summary disposition of plaintiff's claims as requested by defendants is unwarranted.[8]

---

[6] Defendants' Statement of Uncontested Facts was reasonably reduced to a twelve page document, while plaintiff's statements in opposition were exhaustively filed in its ninety two page document.

[7] If there is sufficient evidence in the record from which a jury could infer in a sex discrimination action that an employer's proffered reasons for terminating an employee were pretextual and that it made its decision because of discriminatory animus, summary judgment is inappropriate. *See* Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46 (1st Cir. 2000).

[8] Although plaintiff's opposition made some reference to retaliation claims as disputed, a review of defendants' statement of uncontested facts did not address said issue and, thus, there is no need to discuss same at this juncture.

**CONCLUSION**

In view of the foregoing, defendants' Motion for Summary Judgment is DENIED. (Docket No. 76).

In San Juan, Puerto Rico, this 11th day of May of 2011.

                                     s/CAMILLE L. VELEZ-RIVE
                                     CAMILLE L. VELEZ-RIVE
                                     UNITED STATES MAGISTRATE JUDGE